No. 368

MASON v. HAYSLETT

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4924. Decided March 20, 1924

1063. SALES—Not breach of implied warranty if use of machine sold for regulating gas is prohibited by Gas Co., though suited for that purpose.

MAUCK, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Action by Mason to recover money paid on a preorganization subscription to the capital stock of a subsequently formed Rotary Machine and Engineering Co., on the ground that the preorganization agreement was unlawful. The action was also to recover for a gas regulating machine which Mason bought but later discovered its use was prohibited by the Gas Co. He claimed that there was an implied warranty that the machine was fit for the purpose for which it was to be used. A demurrer was sustained to the petition. In affirming the judgment, the Court of Appeals held:

1. No section of the Securities Act or other statute has been pointed out which is applicable to the preorganization agreement.

2. The gravamen of the plaintiff's complaint is not that the machine failed to function; in fact it is well suited to that purpose, but that the Gas Co. prohibited the use of it. There was no implied warranty that went beyond the manufacture of the article itself and the seller is not liable because a third person deprived the purchaser of the contemplated benefits.

Attorneys—Turney & Sipe, for Mason; R. L. Carr, for Hayslett; all of Cleveland.

---

No. 369

DAVIES & DAVIES CO.

Ohio Appeals, 2nd Dist., Franklin County
No. 1153. Decided 13, 1924

755. MECHANICS' LIENS—Charging to his employe the materials furnished under a contract with the principal contractor, held not to affect the validity of the lien.

ALLREAD, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

In this case the Sherwin-Williams Co. filed in the Common Pleas a cross-petition setting up a mechanic's lien for $421.26 for paint furnished to the contractor for the construction of a house. The material was furnished under a contract with the principal and notice given.

The third cost of the paint—the last item—was charged to J. V. Palm, who was an employe of the principal contractor. It was essential to the validity of the lien, as it carried the account to a point where as a matter of time it would support the filing of the mechanic's lien. The Common Pleas held that the lien was invalid. From this ruling the Sherwin-Williams Co. appealed. Held:

The State courts have held that the statutes should be liberally construed in favor of the lien. The material for the third cost of paint was evidently a part of the unit of construction, and was so regarded by the parties. The charging of the item against the painter as an employe principal contractor would not in our judgment affect the validity of the lien or segregate such last item from the other items so as to invalidate the lien. The lien should be sustained. Decree accordingly.

Attorneys—Watson, Davis, Joseph & McClesky, for Sherwin-Williams Co.; J. M. Howard and Harry A. Williams, for Receiver; all of Cleveland.

---

No. 370

MILLERS NATIONAL INS. CO. v.
WALIGORA

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4982. Decided April 11, 1924

677. JUDGMENT—Failure of attorney to notify client that case is set for trial, is not ground for vacation of judgment.

SULLIVAN, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Kaligora insured his automobile in Miller Co. He reported his car was stolen, and the Company paid the loss. Later it was discovered the car had been taken with his consent. Upon receiving the draft of the money, he turned it over to the holder of the mortgage, unbeknown to the Insurance Co., and the latter refused to return the money. The action was brought to recover this sum. When the case was called for trial defendant failed to appear, and judgment was rendered against him. Two weeks later he filed a petition to vacate the judgment on the ground that he had a valid defense, and also that his counsel had not notified him that the case was set for trial. The court vacated the judgment. This is assigned as error. In reversing the judgment, the Court of Appeals held:

1. Failure of attorney to notify client that case is assigned for trial is not unavoidable casualty or misfortune, under 11631 GC. See Waxman v. Wilcox, No. 4481.

Attorneys—Davis, Young & Vrooman, for Insurance Co.; J. B. Krajewski, for Waligora; all of Cleveland.